

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

September 6, 1941

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3782
Re: Status of lien and priority
of State, county and county-
wide school district taxes
against real and personal
property sold on foreclosure
of State's motor fuel tax lien,
by Receiver, in Cause No. 63,565,
State of Texas v. Hurricane
Petroleum Corporation, 98th
District Court, Travis County,
Texas.

We quote from letter of Honorable J. W. Lacey, Tax
Assessor-Collector of Rusk County, to you, of date July 11,
1941, which you submitted for our attention by your request
of July 16, 1941:

"About one year ago your Gasoline Tax Department
took over and closed down the Hurricane Refinery at
Overton, Rusk County, Texas.

"The above item is on our Tax Rolls as Hurricane
Petroleum Corporation, with real estate valued at $3300.00
and personal property valued at $53,000.00, with state,
county and county wide school taxes including penalty
and interest through July, 1941, in the amount of $1099.87.

"What is our status as to these taxes.

"Would we be allowed to levy on the personal property
and enforce payment, or since it has been sold by the
state, do we have any claim."

The State of Texas filed the above styled and num-
bered cause for the collection of delinquent motor fuel taxes,
penalties and interest, against the Hurricane Petroleum Corpora-
tion, for foreclosure of its preferred statutory lien, (Article
7065a-7, Vernon's Annotated Civil Statutes), and for appoint-
ment of a Receiver ancillary to such lien foreclosure.

Certain real and personal properties, used by the
Company in its business as a distributor of motor fuel, were
found to be subject to the jurisdiction of the 98th District
Court of Travis County, Texas, while certain other properties

were turned over to the Bankruptcy Court at Shreveport, as being subject to the jurisdiction of that Court, in administering the assets of the Hurricane Petroleum Corporation, Bankrupt. The properties, real and personal, remaining with the State District Court, were directed to be sold to satisfy the State's prior motor fuel tax lien, all other known lien claimants, except the taxing units involved here, having been adjudged inferior to said lien. The proceeds realized from the sale of such properties are in the hands of the duly appointed and acting Receiver in said cause, the Honorable J. W. Summers, of Rusk, Texas.

If the taxes involved here are assessed against properties administered by the Bankruptcy Court at Shreveport, then the remedy of the taxing units claiming such taxes will be to duly file their claims in said court. If, on the other hand, the real and personal properties sold by the Receiver in the State District Court, were assessed for the taxes mentioned above, then the remedy of the various taxing units will be to file with theReceiver and in the above styled cause their tax claims, and thereby and therein assert what priority of payment or lien exists against the proceeds in the hands of said Receiver. The letter of the Tax Assessor-Collector does not sufficiently describe the property assessed to enable us to give a more definite answer regarding the forum in which these tax claims may be adjudicated.

It is not the policy of this Department to render opinions regarding questions or issues which are involved in litigation. Hence, since the above described cause is still pending and the Court will probably be called upon to determine the respective priorities of the various tax claims and liens, we do not feel that it would be proper for us to write an opinion upon this legal question.

However, we can answer, in part, the question submitted by advising that, regardless of priorities in and to the proceeds, the Tax Assessor-Collector of Rusk County would have no authority to levy on the personal property to collect taxes assessed against same; because such property, along with the real property, has been sold by the Receiver, under order of the Court, free and clear of all liens, including tax liens of all kinds, if any exist here, such liens being transferred to the proceeds.

It is further our opinion that unless the County Attorney of Rusk County, or other proper official, duly intervenes in the above cause to assert such liens as may exist against the funds in the hands of the Receiver, to secure the taxes claimed, such funds will be paid, under order of the Court, after allowing proper expenses, on delinquent motor fuel taxes, because the lien securing such taxes have been decreed to be a preferred and prior lien.

Hon. George H. Sheppard, page 3

        Trusting the foregoing fully explains the status
of this matter, we are

                                    Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            By  /s/ Pat M. Neff, Jr.
                                        Assistant

PMN:AMM:jrb

APPROVED SEPT. 13, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

                            APPROVED OPINION COMMITTEE
                                BY BWB, Chairman